IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | |
|---|---|
| GERY LIVINGSTON-GROSS,<br><br>    Pro Se Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, et al,<br><br>    Defendants. | Case No. 3:09-CV-00105 |

To:    The Honorable Todd J. Campbell

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is the Defendants' Motion to Dismiss the complaint for failure to state a claim upon which relief may be granted. (DE 12). The Magistrate Judge has reviewed the Defendants' supporting memorandum (DE 13) as well as the Plaintiff's response. (DE 18 and DE 19).

For the reasons stated below, the undersigned **RECOMMENDS** that the Defendants' motion to dismiss (DE 12) be **granted** and that this action **be dismissed**.[1]

## I. INTRODUCTION

The Plaintiff, a resident of Clarksville, TN, brings this action under 15 U.S.C. § 1692 and

---

[1] The Docket Sheet has Plaintiff's response, entitled Plaintiff's (Counter) Motion Not to Dismiss Case, listed as a pending motion. If this Report and Recommendation is adopted, Plaintiff's "motion" should also be denied.

1

15 U.S.C. § 1983, alleging that the Defendants' have violated these laws while attempting to collect a debt. Plaintiff further alleges several violations of due process involving the actions of the Montgomery County General Sessions Court, which is not a party to this suit. This action was referred to the Magistrate Judge on February 3, 2009, for report and recommendation on any dispositive motions. (DE 2).

## II. BACKGROUND

At some point prior to August 2005, Plaintiff was issued a credit card by Defendant Bank of America. Plaintiff then used this credit card. Bank of America, through the Defendant Cheadle Law Firm, filed a collection against the Plaintiff in the Montgomery General Sessions Court after Plaintiff's account was determined to be delinquent. On August 24, 2005, Plaintiff appeared in the Montgomery General Sessions Court and a judgment was entered against him in the amount of the debt, plus accrued interest and attorney fees, totaling approximately $9,697.79. (DE 13, Page 3).

Plaintiff alleges that while the Cheadle Law Firm attempted to enforce the judgment against Plaintiff on behalf of Bank of America, it violated provisions of the FDCPA. Plaintiff further disputes the amount of the judgment as well as the amount currently sought, which has increased due to interest over the past three and half years.

Plaintiff is requesting that this Court set aside the judgment against him in the collection action and award him approximately $223,000.00 in damages plus $2,500,000.00 in punitive damages as well as *pro se* attorney costs. (DE 1, Page 13). Additionally, Plaintiff requests this Court to order the Cheadle lawyers to attend FDCPA classes at Nashville School of Law and to order all courts in the district of Middle Tennessee to "cease and desist" using debt collection forms entitled "Civil Warrant." (DE 1, Page 13).

2

III. LEGAL DISCUSSION

## A. Standard of Review for Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the... claim is and the grounds upon which it rests." *Erickson*, 550 U.S. at 555. However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id.*; See also *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).

## B. Applicable State Law

A federal court with diversity jurisdiction is required to apply the substantive law of the state in which a state tort claim is raised, *Hostetler v. Consol. Ry. Corp.*, 123 F.3d 387, 390 (6th Cir. 1997) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)), unless the law of another state is specifically implicated, *Hisrich v. Volvo Cars of N. America, Inc.*, 226 F.3d 445, 449 (6th Cir. 2000). As the law of another state is not implicated, the substantive law of Tennessee will be

3

applied in this action. Although the district court is required to apply the substantive law of Tennessee in this action, the district court is bound to apply federal procedural rules in a diversity action even if those rules differ from otherwise applicable state rules – and even if the difference is outcome determinative. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir 1997); *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.,* 288 F.3d 895, 901 (6th Cir 2002).

### C. Analysis

Upon review of the entire record, the Magistrate Judge believes that there are no genuine issues of material fact and that the plaintiff cannot establish the elements of his legal claims as a matter of law.

First, as a basis for violations of the FDCPA, Plaintiff argues that the Defendants improperly contacted his employer to garnish wages and that Defendants failed to provide him the required notice of the judgment. Plaintiff further disputes the amount of the underlying debt and fees.

As a basis for his §1983 action, Plaintiff argues that the General Sessions Court of Montgomery County did not have jurisdiction to order his employer to garnish his wages. Further, Plaintiff argues that the General Sessions Court entered a judgment for the incorrect amount. Additionally, Plaintiff argues a general violation of his due process rights.

The Defendant argues, as to the FDCPA matters, that Plaintiff's claims are barred by the statute of limitations, which is one year from the date on which the violation occurs. 15 U.S.C. §1692k(d). The Defendant further responds that those actions taken within the statute of limitation period were not violations of the FDCPA and were, instead, legal attempts to collect a valid debt. The Magistrate Judge agrees.

Judgment was entered against the Plaintiff on August 24, 2005. The instant action was

4

filed on January 30, 2009. (DE 1). The majority of the acts Plaintiff alleges are violation of the FDCPA took place well before January 30, 2008 and are therefore, outside the statute of limitations for FDCPA claims. These include any garnishments as well as the amount of the debt itself, any lack of notice, and several collection attempts. Further, Plaintiff has provided no evidence that those actions taken to collect the judgment which took place within the one year statute of limitations constituted violations of the FDCPA. The Plaintiff's conclusory allegations are not enough to sustain an action. For these reasons alone, the Magistrate Judge finds that Defendants' motion to dismiss as to all FDCPA claims should be granted.

However, as to the issue of the amount of the debt and the review of the state court judgment, the Magistrate Judge agrees with the Defendants that the Rooker-Feldman Doctrine also applies. As such, this Court does not have jurisdiction over this issue. The Plaintiff initiated this action in federal court complaining of injury caused by a state court judgment and seeking a review and rejection of that judgment. *In Re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) [2] The pertinent question in determining whether a federal district court is precluded under the Rooker-Feldman doctrine from exercising subject-matter jurisdiction over a claim is "whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *Id.* citing *Lawrence v. Welch*, 531 F.3d, 364, 368 (6th Cir. 2008). This is clearly the case in the instant action as the Plaintiff requests that this Court find that the amount of the state court judgment is incorrect. As such, this Court is precluded from reviewing this portion of Plaintiff's complaint.

The next issue is whether Plaintiff has stated any valid claim under §1983. The Defendants again argue that Plaintiff's claims are barred by the statute of limitations, which is

---

[2] In the future, the Magistrate Judge advised the Defendants' attorneys to cite to 6th Circuit opinions, rather than 11th Circuit opinions, when defending an action in the 6th Circuit.

5

one year from the date on which the violation occurs. The Defendants further argue that they are not "state actors" against which a §1983 action can be brought. The Magistrate Judge agrees. *Arauz v. Bell*, 2009 WL 152148 at 3 (6th Cir. 2009); *Porter v. Brown*, 289 Fed. Appx. 114, 116 (6th Cir. 2008); *Briscoe v. Jackson*, 285 Fed. Appx. 205, 208 (6th Cir. 2008).

Again, judgment was entered against the Plaintiff on August 24, 2005. The instant action was filed on January 30, 2009. (DE 1). The majority of the acts Plaintiff alleges are violation of his rights, including due process, took place well before January 30, 2008 and are therefore, outside the statute of limitations for §1983 claims. Further, as with the FDCPA claims, Plaintiff has provided no evidence that those actions taken to collect the judgment which took place within the one year statute of limitations constituted a violation of due process or any other law. Further, it is well settled that claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983. *Briscoe*, 285 Fed.Appx. at 208 citing *Figer v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). As in *Briscoe*, the Magistrate Judge is "mindful of the lenity we are to grant [the Plaintiff] as a *pro se* party. *Id.* However, the Plaintiff has failed to plead any facts which would demonstrate that the Defendants have engaged in a §1983 violation, even assuming arguendo that the Defendants in some way qualify as a state actor.

Plaintiff also argues as a basis for his §1983 action that the General Sessions Court of Montgomery County did not have jurisdiction to order his employer to garnish his wages and that it entered a judgment for the incorrect amount. The General Sessions Court is not a party to this litigation. Further, the Plaintiff has provided no evidence whatsoever to establish these allegations. As such, the Magistrate Judge finds that Defendants' motion to dismiss as to Plaintiff's §1983 claims should be granted.

6

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' motion to dismiss (DE 12) be **granted** and that this action **be dismissed**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986)

ENTERED this 27 day of April, 2009

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge