```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

GERY LIVINGSTON-GROSS, *pro se*,  )
                                  )
        Plaintiff                 )
                                  )
v.                                )
                                  )       Case 3:09-0105
BANK OF AMERICA N.A. (USA);       )       Judge Campbell/Brown
CHEADLE & CHEADLE (AV) LAW FIRM;  )
JOHN R. CHEADLE JR,               )
(TN BAR 6053); and                )
EVALINA C. CHEADLE,               )
(TN BAR 12950),                   )
                                  )
        Defendants                )

## **O R D E R**

The Plaintiff in this case, Mr. Gross, has filed several documents with the Court, which the Magistrate Judge will take up in the order of their filings.

As an initial matter, the Magistrate Judge would refer the Plaintiff to the initial case management order (Docket Entry 27). In that order, the Magistrate Judge directed the parties to schedule and conduct a telephone conference with the Magistrate Judge before filing any discovery dispute-related motions. The order also specifically limited interrogatories to 40, including subparts. It appears that the Defendants have served written discovery on the Plaintiff (Docket Entry 30) and have scheduled his deposition (Docket Entry 31).

The Plaintiff thereafter filed a document entitled "Plaintiff's Request for Return to Interrogatories-Only (Limiting Discovery to 40 Questions per Judge Brown's Verbal Order of 23

March '09" (Docket Entry 32). In this motion the Plaintiff objects to a "back room deposition of multiple day duration" at the Cheadle law firm. Normal practice is, in fact, for depositions to be conducted at the offices of one or the other of the parties. If the Plaintiff was taking the Defendant's deposition he could designate his office or some other suitable place in Clarksville. Federal Rule of Civil Procedure 30 allows the deposition of parties without leave of court, Rule 30(a)(1). Rule 30(d) limits the deposition without leave of court to one day of seven hours. Thus, if Plaintiff feels he will be subject to multiple days of deposition, his fear is unfounded.

The Magistrate Judge, by written order in Docket Entry 27 has limited interrogatories to 40, including subparts. Since the Magistrate Judge does not have a copy of the interrogatories served on the Plaintiff, the Magistrate Judge is unable to determine whether the Defendants have exceeded that limit. The Plaintiff, however, seems to confuse interrogatories with requests for admissions or requests for production of documents. These are separate categories only the number of interrogatories is limited to 40. Requests for production of documents or requests for admissions are separate and the Rules of Civil Procedure and the Magistrate Judge's scheduling order do not limit them.

The Plaintiff notes that he has undergone two depositions in relation to the Defendants' efforts to collect on a judgment.

While the Plaintiff may well have undergone two depositions, that was in a separate proceeding. This is a case that the Plaintiff has filed in federal court and the Defendants are entitled to defend themselves, just as the Plaintiff is entitled to prosecute his case. The Defendants' response to the Plaintiff's motion (Docket Entry 33) is well-taken. The motion (Docket Entry 32) is **DENIED**.

The Plaintiff has filed an objection to multiple interrogatories well exceeding 40, as authorized by Judge Brown (Docket Entry 34). The Magistrate Judge would again note that he did not issue a verbal order in this matter, he issued a written case management order (Docket Entry 27). As the Magistrate Judge has pointed out above, interrogatories, requests for production, requests for admission, and depositions are separate matters. Until the Magistrate Judge has a copy of the interrogatories submitted, the Magistrate Judge is not in a position to rule that they have exceeded the previously-set limit of 40. Accordingly, to the extent this is a motion to limit, it is also **DENIED**.

If there are continued disputes over discovery in this matter, the Plaintiff is reminded that the order requires him to schedule a telephone conference with the Magistrate Judge and opposing counsel about the matter before filing additional pleadings. At the present time, the notice of deposition for June 30, 2009, appears to be in order.

Next, the Plaintiff has filed a motion for extension of time to respond to interrogatories and the report and recommendation concerning the dismissal of this case (Docket Entry 37).

The Plaintiff cites various health problems that justify an extension of the normal time to respond to interrogatories and requests for production. The Plaintiff also requests additional time to respond to the report and recommendation that his case be dismissed (Docket Entry 35). This motion is **GRANTED** as follows.

In the event the report and recommendation to dismiss the case is not accepted by the District Judge, the Plaintiff may have **15 days** after such decision to respond to the outstanding interrogatories and requests for production. Additionally, the Plaintiff may have until **May 22, 2009**, to file objections to the report and recommendation to dismiss.

Finally, the Plaintiff has requested that the Court furnish him a copy of the Federal Rules of Civil Procedure. Unfortunately, the Court is not in a position to furnish litigants with copies of the Federal Rules of Civil Procedure. The Court, as a courtesy, has routinely provided litigant with the Local Rules of Court, which supplement the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online from a number of web sites and should also be available at public libraries. Certainly, at the public library the Plaintiff would have access to a computer and thus access to the actual Rules. The Magistrate

4

Judge would also note that the Court's Local Rules, as well as the local rules for proceedings before the Magistrate Judge are available online at the District Court's web site, http:/www.tnmd.uscourts.gov.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge
